**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Denise Peterson

    v.                                    Case No. 21-cv-727-SM

U.S. Department of Defense


**REPORT AND RECOMMENDATION**

Denise Peterson, proceeding pro se and in forma pauperis,
has sued the United States Department of Defense ("DOD").  Ms.
Peterson's complaint (Doc. No. 1) is before the court for
preliminary review.  See 28 U.S.C. § 1915(e); LR 4.3(d)(2).
Also before the court is plaintiff's motion to cease and desist
electronic targeting (Doc. No. 3).

**Preliminary review standard**

This court subjects complaints filed in forma pauperis to
preliminary review under LR 4.3(d)(2) and may dismiss complaints
that are frivolous or malicious, fail to state a claim upon
which relief can be granted, or seek damages from defendants who
are immune from such relief.  See id.; see also 28 U.S.C.
§ 1915(e)(2).  The court construes pro se complaints liberally
in conducting preliminary review.  See Erickson v. Pardus, 551
U.S. 89, 94 (2007).  Disregarding any legal conclusions, the
court considers whether the factual content in the complaint and
inferences reasonably drawn therefrom, taken as true, state a

facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### **Factual Allegations**

Plaintiff alleges that she and her son have been "targeted . . . via microchip" since 2012, following a dispute over her son's educational placement in Massachusetts.  She claims that various individuals and businesses are responsible, including a DOD contractor and a private contractor from Massachusetts that she asserts followed her family when they moved from Massachusetts to New Hampshire.  She further alleges that her family's movements and communications have been monitored through implanted microchips, closed circuit television, their home wi-fi network, and/or by providers of underground utilities.  Plaintiff asserts she has been the target of energy affecting her health, and that she and members of her family have been targeted by computer programs forced upon them.  Finally, plaintiff asserts that her son has been "brainwashed" through his computer and that her phone has been tampered with such that she cannot receive calls regarding her son's medical appointments.  Plaintiff seeks protection from further harassment and electronic targeting.

**Discussion**

One standard for dismissing claims upon preliminary review is set forth in <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992) (citing <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 327-28 (1989)). The assertions in the complaint in this case satisfy that standard, as the complaint lacks "an arguable basis in law or fact." <u>Neitzke</u>, 490 U.S. at 325. While this court has no reason to question the intensity and sincerity of plaintiff's concern for her and her family's safety and security, plaintiff's claims of harassment, electronic targeting, stalking, and assault do not give rise to any nonfrivolous claim upon which relief can be granted.[1] Accordingly, the complaint (Doc. No. 1) should be dismissed.

**Motion to Cease and Desist Electronic Targeting**

The motion to cease and desist electronic targeting (Doc. No. 3) is in the nature of a motion for injunctive relief. In that the complaint should be dismissed under 28 U.S.C. § 1915(e)(2), the motion to cease and desist electronic targeting (Doc. No. 3) should be denied.

---

[1]This court notes that the State of New Hampshire provides the following link to a number of community resources in New Hampshire: https://www.servicelink.nh.gov/.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss the complaint (Doc. No. 1) and  deny the motion to cease and desist (Doc. No. 3).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

September 28, 2021

cc:  Denise Peterson, pro se